J-S72010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VERNADINE JONES | |
| Appellant | No. 112 MDA 2016 |

Appeal from the Judgment of Sentence November 24, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000464-2015

BEFORE:  GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED OCTOBER 24, 2016**

Appellant, Vernadine Jones, appeals from the judgment of sentence entered in the Dauphin County Court of Common pleas, following her guilty plea to false reports to law enforcement authorities ("false reports").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. In August 2014, Appellant was a witness at a preliminary hearing for a criminal charge filed against her now-husband, Charles Link.  Appellant falsely testified that Mr. Link had threatened her with a firearm during a verbal altercation.  Mr. Link spent one month in county prison following his

_____

[1] 18 Pa.C.S.A. § 4906(a).

_____

*Retired Senior Judge assigned to the Superior Court.

arrest. On November 24, 2015, Appellant entered an open guilty plea to false reports. On that same date, the trial court sentenced Appellant to twelve (12) months' intermediate punishment, including three (3) months' house arrest and electronic monitoring. While still represented by counsel, Appellant faxed a *pro se* letter to the trial court on December 2, 2015, seeking modification of her sentence. Specifically, Appellant sought elimination of the house arrest and electronic monitoring requirements. The trial court forwarded a copy of Appellant's correspondence to defense counsel. Appellant filed a counseled post-sentence motion *nunc pro tunc* on December 14, 2015, requesting the same relief sought in Appellant's *pro se* filing. On December 21, 2015, the court denied Appellant's post-sentence motion on the merits. Appellant filed a notice of appeal on January 19, 2016. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

As a preliminary matter, the Commonwealth raises the issue of the timeliness of this appeal. The time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. ***Commonwealth v. Valentine***, 928 A.2d 346, 349 (Pa.Super. 2007). As a general rule, this Court has no jurisdiction to entertain an untimely appeal. ***Commonwealth v. Patterson***, 940 A.2d 493, 497 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). "Nonetheless, this general rule does not affect

- 2 -

the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." *Id.* at 498. *See also Commonwealth v. Parlante*, 823 A.2d 927 (Pa.Super. 2003) (holding trial court's misstatement of appeal period in order denying post-sentence motion operated as breakdown in court's operation, which justified review of facially untimely appeal).

"[T]he notice of appeal...shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "A direct appeal in a criminal proceeding lies from the judgment of sentence." *Patterson, supra* at 497. If a defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(2)(a). To be timely, a post-sentence motion must be filed no later than 10 days after imposition of sentence. Pa.R.Crim.P. 720(A)(1). Absent a timely post-sentence motion, the notice of appeal shall be filed within 30 days of imposition of sentence. Pa.R.Crim.P. 720(A)(3); *Commonwealth v. Dreves*, 839 A.2d 1122, 1127 (Pa.Super. 2003) (*en banc*).

"[A] post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met." *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa.Super. 2015) (citing *Dreves, supra* at 1128).

> First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying

post-sentence motion. Second, the trial court must **expressly permit** the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence. If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended. Moreover, [t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.

*Capaldi, supra* at 1244 (internal citations and quotation marks omitted) (emphasis in original).

Additionally, a defendant may not engage in hybrid representation by submitting *pro se* filings while represented by counsel. *Commonwealth v. Willis*, 29 A.3d 393 (Pa.Super. 2011). *Pro se* filings submitted by counseled defendants are legal nullities. *Commonwealth v. Nischan*, 928 A.2d 349 (Pa.Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

Instantly, the court imposed sentence on November 24, 2015. Appellant waived the court's reading of her post-sentence rights. Therefore, Appellant had until December 4, 2015, to file a timely post-sentence motion. *See* Pa.R.Crim.P. 720(A)(1). Appellant faxed a *pro se* letter to the court on December 2, 2015, seeking modification of her sentence. Appellant, however, was still represented by counsel at that time. Thus, Appellant's *pro se* filing constituted hybrid representation and was a legal nullity. *See Nischan, supra*. The court forwarded a copy of Appellant's filing to defense counsel, who filed a post-sentence motion *nunc pro tunc* on December 14, 2015. The record, however, gives no indication that the court granted

Appellant permission to file a post-sentence motion *nunc pro tunc* outside of the ten-day window. The court denied the motion on the merits, but that ruling was no substitute for an order explicitly granting permission to file a post-sentence motion *nunc pro* tunc. **See Capaldi, supra**. Therefore, Appellant's counseled post-sentence motion was untimely and did not toll the appeal period. **See Dreves, supra**. Consequently, the last day for Appellant to file a timely notice of appeal was December 24, 2015. Appellant's notice of appeal, filed on January 19, 2016, was facially untimely.[2]

Nevertheless, in its order denying Appellant's post-sentence motion, the court stated: "[Appellant] is hereby notified of the right to appeal this order within 30 days of the date of this order." (**See** Post Sentence Motion Order, filed 12/21/15). The order incorrectly informed Appellant she had thirty days to appeal following the court's denial of the post-sentence motion, even though that motion was untimely and did not toll the appeal period. Appellant filed her notice of appeal within the period specified by the

---

[2] In response to this Court's order directing Appellant to show cause why this appeal should not be dismissed as untimely, defense counsel claimed she immediately contacted the deputy district attorney upon receiving a copy of Appellant's *pro se* filing from the trial court. Counsel stated she sought the deputy district attorney's "concurrence" with Appellant's motion but received no response. Counsel averred she then filed the post-sentence motion *nunc pro tunc* as directed by the trial court. Nevertheless, the certified record contains no evidence that the court directed counsel to file the motion *nunc pro tunc*.

court's order. The misstatement in the order constituted a breakdown in the court's operation. Therefore, we decline to dismiss this appeal outright. *See Patterson, supra*; *Parlante, supra*.

Appellant raises one issue on appeal:

> WHETHER THE IMPOSITION OF AN AGGREGATE SENTENCE OF TWELVE (12) MONTHS OF INTERMEDIATE PUNISHMENT WITH THE FIRST THREE (3) MONTHS TO BE SERVED ON HOUSE ARREST WITH ELECTRONIC MONITORING WAS EXCESSIVE GIVEN THE CIRCUMSTANCES OF APPELLANT[?]

(Appellant's Brief at 4).

Appellant argues the trial court failed to give appropriate weight to her character and background when imposing sentence. Appellant contends she was remorseful, and she informed the court she could not move forward with an adoption due to her house arrest. Appellant claims she has no prior record and is not a flight risk. Appellant asserts the court gave little consideration to her potential for rehabilitation or the minimum sentence necessary for the protection of the public. Appellant submits her sentence was based solely on the negative aspects of the offense. Appellant concludes she is entitled to resentencing because the court's imposition of house arrest and electronic monitoring resulted in an excessive sentence. Appellant challenges the discretionary aspects of her sentence.[3]   *See*

---

[3] "[W]hile a…plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of…her sentence other than to
*(Footnote Continued Next Page)*

***Commonwealth v. Lee***, 876 A.2d 408 (Pa.Super. 2005) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that sentencing court failed to consider or did not adequately consider certain factors implicates discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). "To

*(Footnote Continued)* ─────────────────

argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." ***Id.*** at 363 n.1. Here, Appellant's plea was "open" as to sentencing, so a challenge to the discretionary aspects of her sentence is available.

preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion." **Commonwealth v. Feucht**, 955 A.2d 377, 383 (Pa.Super. 2008), *appeal denied*, 600 Pa. 728, 963 A.2d 467 (2008). "An untimely post-sentence motion does not preserve issues for appeal." **Commonwealth v. Wrecks**, 931 A.2d 717, 719 (Pa.Super. 2007).

When appealing the discretionary aspects of a sentence, a defendant must also invoke the appellate court's jurisdiction by including in her brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Anderson**, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912-13 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). Generally, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the

sentence was inappropriate." ***Cruz-Centeno, supra*** at 545.

Instantly, Appellant failed to raise her sentencing claims at the sentencing hearing or in a timely post-sentence motion. Appellant's untimely post-sentence motion did not preserve those claims. Therefore, Appellant's issue is waived. ***See Feucht, supra***; ***Wrecks, supra***. Moreover, even if Appellant had properly preserved the issue, her challenge to the manner in which the court weighed various sentencing factors would not raise a substantial question warranting review. ***See Cruz-Centeno, supra***. Based on the foregoing, Appellant is not entitled to sentencing relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2016